Appendix A

United States Courts
Southern District of Texas
**F I L E D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____DIVISION

JAN 2 6 2024

**Nathan Ochsner, Clerk of Court**

§
§
versus                          §          CIVIL ACTION NO. _____
§
§
§
§
§

## EMPLOYMENT DISCRIMINATION COMPLAINT

1.    This action is brought under Title VII of the Civil Rights Act of 1964 for employment

discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2.    The Plaintiff is:                    Cielo Peña

      Address:                      10347 Armstrong Drive

                                    Iowa Colony, Tx 77583

      County of Residence:          Brazoria

3.    The defendant is:             Centurion Pipeline LP

      Address:                      3600 W Sam Houston Pkwy Suite 500

                                    Houston, Tx 77042

☐    Check here if there are additional defendants. List them on a separate sheet of paper with

their complete addresses.

4.    The plaintiff has attached to this complaint a copy of the charges filed on   1/26/2024

with the Equal Opportunity Commission.

5.    On the date of   11/02/2023   , the plaintiff received a Notice of Right to Sue letter

issued by the Equal Employment Opportunity Commission; a copy is attached.

1

6.    Because of the plaintiff's:

(a)    ☒    race

(b)    ☒    color

(c)    ☐    Sex

(d)    ☐    Religion

(e)    ☒    national origin,

the defendant has:

(a)    ☐    failed to employ the plaintiff

(b)    ☒    terminated the plaintiff's employment

(c)    ☒    failed to promote the plaintiff

(d)    ☒    other:    Wrongfully terminated, discriminated and retaliated against

_____

_____

7.    When and how the defendant has discriminated against the plaintiff:

    See attachment for all facts._____

_____

_____

8.    The plaintiff requests that the defendant be ordered:

(a)    ☐    to stop discriminating against the plaintiff

(b)    ☐    to employ the plaintiff

(c)    ☐    to re-employ the plaintiff

(d)    ☐    to promote the plaintiff

(e)    X    to    clean record on background check, not to treat employees the same way I

was treated, _____and that;

(f)    ☐    the Court grant other relief, including injunctions, damages, costs and

attorney's fees.

_____

(Signature of Plaintiff)

Address:                            10347 Armstrong Drive

                                    Iowa Colony, Tx 77583

Telephone:                          979.215.9221

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Cielo Pena**<br>**10347 Armstrong Drive**<br>**Iowa Colony, TX 77583** | From: **Dallas District Office**<br>**207 S. Houston Street, 3rd Floor**<br>**Dallas, TX 75202** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **31C-2023-00355** | **HECTOR COLON-PADRO,**<br>**State, Local and Tribal Program Manager** | **(210)640-7546** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

　　More than 180 days have passed since the filing of this charge.

　　The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

For **Hector Colon-Padro** Digitally signed by Hector Colon-Padro Date: 2023.11.02 12:36:37 -05'00'　　11/02/2023

Enclosures(s)

**Norma J. Guzman**
**Field Director**

cc: **Kelcy Palmer**
**c/o Centurion Pipeline, LP**
**Littler Mendelson, P.C.**
**1301 McKinney Street, Suite 1900**
**Houston, TX 77010**

**Marjorie A Murphy**
**The Murphy Law Practice, PLLC**
**2101 Citywest Blvd., Ste. 100**
**Houston, TX 77042**

Enclosure with EEOC
Form 161-B (01/2022)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

1

## EMPLOYMENT DESCRIMINATION COMPLAINT

**Plaintiff(s):** Cielo Peña

**Facts supporting Mrs. Peña's complaint:**

2018-2021: consistently great performance reviews that consistently noted Mrs. Peña's professionalism; ability to meet goals and deadlines; initiative and helpfulness.

April 2022: conversation with HR wherein HR requests information about Jared Reid from Mrs. Peña, and Mrs. Peña reports Reid's misconduct to HR. Her report includes Reid's tendency to ask employees about their medical appointment and vacation destinations.

April 2022: Jared Reid informs Peña that he is aware of her meeting with HR and that Mrs. Peña needed to stay away from HR. He told her she would not be receiving her spot award b/c she had gone to HR.

Reid lives up to his word and begins to gibe Peña a terrible time at work;  he comments about her Hispanic accent and not being able t understand her, he begins to scrutinize and critique her behavior, compares her to coworker (Raghad); notes that Peña should take guidance from Raghad, who Mrs. Peña was tasked to train when she was first hired, b/c Raghad holds a Master's Degree (while Reid knew Peña has only her hs diploma); after 2 years of strong reviews, Reid lowered her performance review and told Peña he did so that he can get her coworker, Amanda, promoted and making as much as money as she; Reid also told Peña that he is going to make her and her coworker Raghad, who Reid also tasked Mrs. Peña to train, to climb up a tree like monkeys until they get along.

2

August 17, 2022: HR conducted Diversity, Equity and Inclusion Awareness Training to all Centurion employees. In meeting HR mentioned that they wanted their employees to be comfortable and safe going to HR for anything and come forward. HR was there to help and protect all employees without fear of being retaliated against.

August 19, 2022: Peña complained of Reid's comparison of her to a monkey to HR and informs HR that she believes his statements to be racist and actions against her to be condescending and retaliatory.

August 19, 2022: Peña complains of Reid's retaliation toward her since her conversation with HR and also informs HR of Reid's ageist statements regarding and interviewee.

August 19, 2022: Peña complains of Reid's harassment and discrimination towards her accent and the way she speaks.

August 19, 2022: In response, HR told Peña that we were not going to go down that rabbit hole.

September 19, 2022: HR fires Reid

September 19, 2022: HR writes Peña up for allegedly rude behavior that occurred in January 2022 and for asking coworker Raghad (approximately 2 months earlier) had she gone to HR. Notably this is Mrs. Peña's first writeup from Centurion in the 4 years she has worked for the company. Notably, Centurion's HR knew of these alleged infractions with Mrs. Peña since at least August 2022.

Oct. 10, 2022: Peña applied for the GIS Manager position at Centurion Pipeline.

Oct. 12, 2022: (interim manager) Mike Smith tells Mrs. Peña she will not be able to be the GIS manager, b/c of her situation with Raghad and that if it was up to him Mrs. Peña will never be a manager.

Oct. 14, 2022: Peña complains that coworker Mitesh was disrespectful, yelling and threating to her.

Oct. 17, 2022: HR speaks to Peña about her complaint about Mitesh and states that a statement will be obtained from Peña the next day.

Oct. 18, 2022: HR does not obtain a statement from Mrs. Peña as stated the previous day.

**<u>Oct. 19, 2022:</u> Centurion fires Mrs. Peña alleging that it's because she failed to meet deadlines.**

Based on the chronology of events that occurred to me, I believe that my civil and employment rights were violated in violation of Chapter 21 of the Texas Labor Code and Title VII of the Civil Rights Act, as amended because of my race and national origin (Hispanic) and that I was retaliated against for making complaints of discrimination and engaging in protected conduct in August 2022, and I seek redress.

**<u>Issues:</u>**

**PRETEXT:** Great performance reviews prior to HR meeting;

**PRETEXT:** No supervisor over Peña's department at time of termination; Interim person Mike Smith didn't know the GIS system well enough to be able to say that Peña performed poorly;

**PRETEXT:** When Smith steps in as Interim Manager, Smith admits to Peña that HR won't consider Peña for the manager role b/c of alleged disputes with Raghad despite the disputes coming from Raghad's end and Peña's efforts to accommodate and appease Raghad;

**PRETEXT:** Nikko/HR belligerent and cursing in meeting in which she was allegedly teaching Mrs. Peña professionalism;

**BREACH OF K:** Centurion's Code of Conduct forces employees to complain about code violations and unequivocally promises no discipline for complaint yet immediately following her first conversation with HR in February 2022, Peña faces retaliation.

**Applicable Law and Analysis:**

A. <u>Retaliation:</u> To establish a prima facie case of retaliation under Title VII, Mrs. Peña must show (1) that she engaged in protected activity, (2) that she suffered an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action. Long v. Eastfield College, 88 F.3d 300 (5th Cir. 1996). Here the close timing suffices to establish the causal link for summary judgment purposes. See i.e., Mattie Sue Clark v. Chickasaw County, Mississippi, et. al, 2010 U.S. Dist. LEXIS 97227 (5th Cir. Sept. 10, 2010) (finding that a plaintiff who produced evidence that she was demoted shortly following her complaint of discrimination had presented sufficient casual connection between the protected activity and the employer's adverse action); Evans v. City of Houston, 246 F.3d 344, 356 (5th Cir. 2001) (same); McCoy v. City of Shreveport, 492 F.3d 551, 562, n. 28 (5th Cir. 2007) (same). As listed above, there exist multiple factual issues that amount to pretext.

B. <u>Breach of Contract:</u> In order to modify the at-will status of an employment relationship, the employer must unequivocally indicate a definite intent to be bound not to terminate the employee under certain circumstances. In El xpreso, Inc. v. Zendejas, 193 S.W.3d 590, 597 (Tex.App.-Houston {1st Dist.} 2006, no pet.), the court found that assurances given to the plaintiff-employee that he would not but showed intent to be bound. Id. At 594-96. On the basis of that holding, a jury verdict for breach of contract was affirmed for the ex-employee. Here, the same is true. Centurion's Code of Conduct promises that no discipline would be imposed for reporting a violation of the Code yet when Mrs. Peña reported Mr. Reid's failures to act with high degree of business and personal integrity and discrimination violations, she was penalized and terminated as set forth in her Charge.

## Damages Incurred:

A. **Loss of wages:**

1. **7 weeks without work= $15K**

B. **Loss of Benefits:**

1. Loss of 3 weeks of vacation: 120hrs

2. Unlimited sick days: 900hrs

3. Holiday pay: 90hrs

4. Bereavement pay: 45hrs

5. Emergency day pay: 27hrs

6. BYOD pay ($75/month): $900/yr.

7. Fitness pay ($50/month): $600/yr.

8.  Medical Insurance (difference in comps): $541.06/yr.

9.  Dental Insurance (difference in comps): $228.02/yr.

10. Vision Insurance (difference in comps): $43.68/yr.

11. AD&D (difference in comps): $159.64/yr.

12. Critical Illness (difference in comps): $112.06/yr.

13. EE Term Life (difference in comps): $119.08/yr.

**Total:**    1,186hrs x $50/hr. = $59,300 x 2 years = **$118,600.00**

14. Annual Bonus pay: $18,000.00 x 2 years = **$36,000.00**

C.  **Emotional Distress: $200,000.00**

1.  Mrs. Peña has sought therapy for Respondent's unlawful treatment since December 2022 and expects to continue treating for 1-2 years.

D.  **Attorney Fees: $54,327.90**

**Suit Demand: $423,927.90**

Dated on the 26th day of January 2024.

Respectfully submitted.

Cielo D. Peña

(979) 215-9221

10347 Armstrong Drive, Iowa Colony, Texas 77583